```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                              CRIMINAL ACTION NO. 2:07-00212

**CLAUDE HARRIS**


<u>MEMORANDUM OPINION AND ORDER</u>

On January 7, 2008, the court conducted an evidentiary hearing on defendant's motion to suppress and makes the following findings of fact by a preponderance of the evidence.

On October 18, 2007, Detective Midkiff, of the Charleston Police Department and working with the Metropolitan Drug Enforcement Network Team, known as MDENT, received information from a confidential informant that the defendant had in his possession about four to five ounces of suspected crack cocaine. The CI furnishing this information was known to Detective Midkiff as being one who was reliable by virtue of the fact that he had provided information to the police authorities on prior occasions that itself proved to be reliable.

The CI informed Detective Midkiff that the defendant was staying in Room 245 at the Red Roof Inn at Kanawha City and

that he had a '90s model white Cadillac located there.  The CI also told the detective that the defendant had drugs on his person, in the room, or in the Cadillac.  Based on that information provided by the CI, Detective Midkiff applied for and was granted a state search warrant for Room 245 of the Red Roof Inn and the white Cadillac.  He, along with other law enforcement officers, proceeded then to the Red Roof Inn to conduct surveillance.  As they were preparing to search the room, the detective learned from the CI that the defendant also drove and had a black Ford Ranger, and further that the defendant would not be there unless the black Ford Ranger was there.  Because the Ford Ranger was not on the parking lot of the Red Roof Inn, the detectives decided to wait and, when the defendant did not appear, they concluded that the search warrant should instead be served in the morning hours of October 19, 2007.

After leaving the scene, expecting to return the next day, Detective Midkiff learned on the morning of October 19 of the existence of a state capias for the defendant that was outstanding on a previous state drug charge.  The detective spoke again to the CI and determined to arrange a drug buy in

order to locate the defendant.  The CI placed an order to the defendant for two 8-balls of crack cocaine, with delivery to be made at Charleston Arbors which is located at 100 Washington Street in the East End of Charleston.

When the defendant arrived there in the black Ford Ranger, he was taken into custody, and at that time a search incident to his arrest was conducted that revealed a quantity of approximately 16.9 grams of crack cocaine in defendant's right front pants pocket and United States currency in the amount of $1,402 in his left front pants pocket.  Detectives then executed the search warrant on Room 245 of the Red Roof Inn and the white Cadillac where no crack was found, but in the search of Room 245, there were found a number of drug trade-related items, including sandwich bags, razor blades, scales, and Arm & Hammer Baking soda, as well as $50 in United States Currency.  The defendant, having been placed under arrest for the quantity of drugs found on his person, as well as the capias, was taken into custody accordingly.

The court finds that, under the totality of the circumstances, the conduct of the officers in effectuating the defendant's arrest under both the outstanding capias and as a

drug dealer about to make a prearranged sale of approximately 7 grams of crack cocaine does not constitute a fundamental unfairness nor one that is shocking to the universal sense of justice nor is it violative of the Due Process Clause of the Fifth Amendment to the United States Constitution.

It is, accordingly, ORDERED that the motion to suppress be, and it hereby is, denied and it is further ORDERED that all of that which was seized on the occasion of the arrest of the defendant and in the search of Room 245 on October 19, 2007, is admissible for Fourth and Fifth Amendment purposes in further proceedings in this case.

The Clerk is directed to forward copies of this written opinion and order to the defendant and all counsel of record.

DATED:   January 7, 2008

_____
John T. Copenhaver, Jr.
United States District Judge